IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ROBERT LEE TAYLOR,

    Plaintiff

VS.

Warden DARRELL HART,

    Defendant

CIVIL ACTION NO.: 7:07-CV-13 (HL)

**ORDER**

Plaintiff **ROBERT LEE TAYLOR**, an inmate at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: the doctrine of separation of powers; an inmate's right of access to the courts; an inmates right to due process of law; or an inmates right to equal protection. Accordingly, the Eleventh

Circuit has upheld the constitutionality of §1915(g). *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records reveals that plaintiff has filed numerous civil actions in federal courts in the State of Georgia while incarcerated. At present, at least four of these actions or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: *Taylor v. Douglas*, 1:06-CV-12 (WLS) (M.D. Ga. March 29, 2006); *Taylor v. Walton County Sheriff's Dept*, 04-11616-E (11th Cir. August 12, 2004)(this was an appeal of 3:02-CV-81 (CDL)(M.D. Ga.); *Taylor v. Roberts*, 1:05-CV-159 (WLS) (M.D. Ga. April 24, 2006); and *Taylor v. Judge Lovett*, 1:01-CV-3139 (ODE) (N.D. Ga. December 20, 2001).

Because plaintiff has had four prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff has not made such a showing. Plaintiff alleges that he is dissatisfied with the shoes he has been issued; and that the shoes make it difficult for him "to keep his balance." Plaintiff also states that the warden hit him with a radio and this cut his head. Plaintiff maintains that he fears that "they [are] going to try to kill [him]."

Even when viewed together, the afflictions of which plaintiff complains do not constitute "imminent danger of serious physical injury." *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner must show a present "imminent danger," as opposed to a past danger to proceed under § 1915(g)); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th

Cir. 2003)(conclusory assertions that defendants are trying to kill plaintiff do not show "imminent danger of serious physical injury") *Skillern v. Paul*, 2006 U.S. App. LEXIS 24841 at *4 (11th Cir. October 4, 2006)(explaining that "vague statements do not satisfy the dictates of § 1915(g)").

Therefore, plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.[1]

**SO ORDERED**, this 31st day of January, 2007.

/s/ Hugh Lawson
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb

---

[1] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Ciruit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.